IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM TRUJILLO, as Personal
Representative of THE ESTATE OF
DANIEL MATTHEW TRUJILLO, Deceased

        Plaintiff,

v.                                                                                     CAUSE NO.  1:21-cv-01072

THE REINALT-THOMAS CORPORATION,
a Michigan corporation d/b/a/ DISCOUNT
TIRE COMPANY/AMERICA'S TIRE CO.;
DISCOUNT TIRE CO., INC., an Arizona Corporation,
and TOMMY HERBERGER,

        Defendants.

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants, The Reinalt-Thomas Corporation d/b/a Discount Tire Company/America's Tire Co. ("Reinalt-Thomas") and Discount Tire Co., Inc. ("DT-AZ")(collectively referred to as "Defendants"), by and through their counsel of record, the Eaton Law Offices, P.C. (James P. Barrett and James D. McAlister), hereby remove to this Court the state court action described below pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

In support of this Notice, Defendant's state:

1.    On June 7, 2021, Plaintiff William Trujillo, as the Personal Representative of the Estate of Daniel Matthew Trujillo, filed a Complaint for Personal Injury ("Complaint") in the Fourth Judicial District Court of New Mexico, San Miguel County, as civil cause no. D-412-CV-2021-00162.

2. Pursuant to D.N.M. LR-CIV 81.1(a) and 28 U.S.C. § 1446(a), includes the following index of matters filed with this Notice of Removal;

    Exhibit A: Fourth Judicial Docket Sheet

    Exhibit B: Plaintiff's Complaint for Personal Injury;

    Exhibit C: Plaintiff's Jury Demand;

    Exhibit D: Issued Summons: The -Reinalt-Thomas Corp. d/b/a Discount Tire Company/America's Tire Co.;

    Exhibit E: Issued Summons: Discount Tire Company, Inc.;

    Exhibit F: Summons Return: Discount Tire Company, Inc.;

    Exhibit G: Summons Return: The Reinalt-Thomas Corp. d/b/a Discount Tire Company/America's Tire Co.

    Exhibit H: Amended Summons to Discount Tire Company, Inc.;

    Exhibit I: Entry of Appearance: The Reinalt-Thomas Corporation d/b/a Discount Tire Company/America's Tire Co. and Discount Tire Co., Inc.;

    Exhibit J: Defendant The Reinalt-Thomas Corporation d/b/a Discount Tire Company/America's Tire Co. Jury Demand;

    Exhibit K: Defendant The Reinalt-Thomas Corporation and Discount Tire Co., Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint.

3. The Complaint was served on Defendants on July 6, 2021.

4. To date, upon information and belief, Defendant Tommy Herberger has not been served with Plaintiff's Complaint, although Plaintiff specifically alleges knowledge of the location where Mr. Herberger may be served. [Complaint ¶ 22.]

5.      28 U.S.C. § 1446(b)(1) and (3) require that a notice of removal shall be filed (i) within 30 days after the receipt by the defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based or, relevant here, (ii) if within one year after commencement of the action, when the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

6.      This Notice of Removal is filed within 30 days after receipt of an "other paper" from which Defendants could first ascertain that the case is one that is or has become removable. Therefore, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(1).

7.      A Notice of Filing Notice of Removal is being filed with the Fourth Judicial District Court, County of San Miguel, immediately upon filing of this Notice of Removal. *See* Notice of Filing Notice of Removal (exclusive of exhibits), attached as **Exhibit L.**

8.      Plaintiff's claimed damages are based in the wrongful death of his decedent in an automobile roll-over accident, and, as such, are in excess of $75,000.00, satisfying the amount in controversy requirement of 28 U.S.C. § 1332(a). [Complaint, ¶ 1.].

9.      Based on the allegations of the Complaint, Plaintiff is a resident of San Miguel County, New Mexico, and therefore, a citizen of the State of New Mexico for diversity purposes. [Complaint, ¶ 3.]

10.     Defendant Reinalt-Thomas is a foreign corporation incorporated in the State of Michigan with its principal place of business in the State of Arizona. Defendant DT-AZ is a foreign corporation incorporated in the State of Arizona with its principal place of business in the State of

Arizona. A corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *Gadlin v. Sybron Int'l Corp. 222F.3d 797, 799* (10th Cir. 2000) (*quoting* 28 U.S.C. §1332(c)(1)).

11. Based upon the allegations of the Complaint, the remaining Defendant, Tommy Herberger, is a citizen of the State of New Mexico. [Complaint, ¶ 22.]

12. Mr. Herberger, to the knowledge of Defendants, has not been served and there has been no effort to serve him as of the date of filing this notice. **See Exhibit A**.

13. The claim against Mr. Herberger is legitimate on the face of Plaintiff's Complaint -- the Complaint alleges negligence in Mr. Herberger for allowing Plaintiff's decedent to use Mr. Herberger's vehicle when Mr. Herberger "knew or should have known that the oversized tires made the vehicle dangerous to drive and more prone to rollover." [Complaint, ¶ 34.]

14. On or about October 7, 2021, Defendants received Plaintiff's settlement demand, which demand when coupled with the lack of service of process on Tommy Herberger, made it appear for the first time that Plaintiff had joined Mr. Herberger as a defendant in this lawsuit for purposes of defeating diversity jurisdiction, and that therefore, the case was removable to this Federal District Court.

15. A written settlement demand, like that sent to Defendants, may be considered an "other paper" from which it may be ascertained whether a case is removable to federal court pursuant to 28 U.S.C. § 1446(b). *See Archer v. Kelly*, 217 F.Supp.2d 1320, 1324 (N.D. Okla. 2003) (citation omitted).

16. There has been no indication to Defendants that Mr. Herberger would not be served and properly joined in this suit until it received the settlement demand which entirely omitted any discussion of Mr. Herberger's liability for the death of Plaintiff's decedent, although

it identified that Plaintiff's decedent was comparatively at fault and also the non-party who supplied Plaintiff's decedent with alcohol.  **See Exhibit M hereto**.

17. New Mexico Rules of Civil Procedure require that service of process on a defendant be made with "reasonable diligence." Rule 1-004 NMRA.

18. New Mexico's basic rule is that "all parties to an action must be actually or constructively served within a period of time that includes the statute of limitations period plus a reasonable time for service of process." *Romero v. Bachicha*, 2001-NMCA-048, ¶ 17, 130 N.M. 610. It has been five months since Plaintiff's Complaint was filed. No New Mexico case was found by undersigned counsel that establishes that Plaintiff's Complaint against Mr. Herberger is now barred because he was not served within five months of the filing of the Complaint.

19. New Mexico has declined to adopt a bright-line rule for when the time to effectuate service crosses from "reasonable diligence" to dilatory and subjects a Plaintiff to dismissal of the claims against a late served defendant. Instead, when "considering a motion relating to due diligence under Rule 1–004, the district court is to exercise its discretion in determining whether delay demonstrates a lack of due diligence and whether the delay warrants dismissal of the complaint." *Martinez v. Segovia*, 2003-NMCA-023, ¶ 29, 133 N.M. 240 *citing Graubard,* 2000–NMCA–032, ¶¶ 12–13, 128 N.M. 790. Thus, there is no specific date by which it could readily have been determined that Plaintiff had delayed too long in serving Mr. Herberger and that failure signaled an intention to not join Mr. Herberger in this suit. *See Musick v. Sierra Nevada Prop. Mgmt. Co., LLC,* No. 34,134, 2016 WL 3419107, at *1-5, 2016 N.M. App. Unpub. LEXIS 184, at *4-12 (N.M. Ct. App. May 3, 2016) (dismissal due to a delay in service of over two years); *Padilla v. Reed*, No. A-1-CA-36117, 2017 WL 4586659, at *1-2, 2017 N.M. App. Unpub. LEXIS 362, at *2-4 (N.M. Ct. App. 2007) (dismissal due to a twenty-month delay); *Graubard v. Balcor Co.*, 200-

NMCA-032 128 N.M. 790 (remanding to the district court to consider whether, under a standard of objective reasonableness, a fourteen-month delay was due to a lack of due diligence).

20. While the fact that Mr. Herberger has not yet been served with Plaintiff's Complaint is not dispositive of the removability of this action, when that lack of service is coupled with the further facts that (1) his alleged participation in the negligence that led to the death of Plaintiff's decedent [Complaint, ¶¶ 34 and 35] is not mentioned in Plaintiff's settlement demand while non-parties' comparative negligence is specifically set out, (2) New Mexico allows plaintiffs "reasonable" time after filing a complaint to effectuate service, (3) the applicable statute of limitations ran on June 9, 2021, and (4) Plaintiff's complaint is barred as to Mr. Herberger if service has not been effectuated with reasonable diligence, it now appears that Plaintiff named Mr. Herberger in the Complaint in order to defeat diversity jurisdiction. See also Plaintiff's Complaint ¶ 22.

21. In the facts and circumstances of this case, this action is a civil action of which this Court has jurisdiction under 28 U.S.C. § 1332, and as such, is removable pursuant to 28 U.S.C. §§ 1441(a).

22. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants "who have been properly joined and served must join in or consent to the removal of the action" for all actions removed based on diversity of citizenship; Tommy Herberger is the only other Defendant in this suit, and he has not been served with process. Thus, there are no defendants who must consent to this Removal.

23. The state court in which this action was commenced is within this Court's district. Venue is therefore proper under 28 U.S.C. §§ 111 and 1441(a).

24.     Defendants, immediately upon the filing of this Notice of Removal, gave written notice of the filing to Plaintiff as required by 28 U.S.C. § 1446(d) and filed a copy of this Notice of Removal with the Clerk of the First Judicial District Court, County of San Miguel, State of New Mexico, the Court from which this action is removed.

25.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

WHEREFORE, Defendants, The Reinalt-Thomas Corporation d/b/a Discount Tire Company/America's Tire Co. and Discount Tire Co., Inc., hereby remove this case to the United States District Court for the District of New Mexico, which Court has original jurisdiction over the controversy and parties hereto.

                         EATON LAW OFFICE, P.C.

                         By: *James P. Barrett*
                              JAMES P. BARRETT
                              JAMES D. MCALISTER
                              Attorneys for The Reinalt-Thomas Corporation d/b/a
                                  Discount Tire/America's Tire Co. and Discount
                                  Tire Co., Inc.
                              P. O. Box 25305
                              Albuquerque, New Mexico 87125-5305
                              Tel: (505) 243-1486

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of November, 2021 a true and correct copy of this Notice of Removal was filed of record in the Fourth Judicial District Court, County of San Miguel, State of New Mexico and was electronically filed through the CM/ECF system, which caused the following counsel of record to be served:

Gilbert Arrazolo
908 Lomas Blvd. NE
Albuquerque, NM 87102

James B. Ragan
723 Coleman Ave.
Corpus Christi, TX 78401

By: *James P. Barrett*
      JAMES P. BARRETT