IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM TRUJILLO, as Personal
Representative of THE ESTATE OF
DANIEL MATTHEW TRUJILLO, Deceased,

      Plaintiff,

v.                                                       CV No. 21-1072 MV/CG

THE REINALT-THOMAS CORPORATION, et al.,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the *Motion for Remand* (the "Motion"), (Doc. 4), filed by Plaintiff William Trujillo on December 6, 2021; the *Response to Plaintiff's Motion for Remand [Doc. 4]*, (the "Response"), (Doc. 7), filed by Defendant The Reinalt-Thomas Corporation and Defendant Discount Tire Co., Inc. on December 20, 2021; Plaintiff's *Reply in Support of Motion for Remand* (the "Reply"), (Doc. 10), filed January 3, 2022; Defendants' *Surreply to Plaintiff's Reply on his Motion for Remand [Doc.10]* (the "Surreply"), (Doc. 15), filed February 2, 2022; and Plaintiff's *Response to Defendants' Surreply to Plaintiff's Reply to Motion to Remand* (the "Reply to Surreply"), (Doc. 16), filed February 9, 2022.[1]

On January 26, 2022, United States District Judge Martha Vazquez referred the Motion to the undersigned to perform legal analysis and recommend an ultimate disposition, pursuant to 28 U.S.C. § 636(b). (Doc. 14). The Court, having considered the parties' briefing, the record, and the relevant law, **RECOMMENDS** that Plaintiff's *Motion*

---

[1] The parties were granted leave, on Defendants' unopposed motion, to file a surreply and a reply to the surreply. See (Doc. 13).

*to Remand*, (Doc. 4), be **GRANTED**, and that Plaintiff's request for attorney fees raised in the *Reply in Support of Motion for Remand*, (Doc. 10), be **DENIED**.

### I.     Background

On June 9, 2018, Daniel Trujillo was killed in an automobile rollover accident. (Doc. 1-3 at 1). At the time, he was driving a 1981 Jeep CJ7, which, approximately eight years prior, had been equipped with four 35x12.50 R15 tires purchased from Defendant Discount Tire Co., Inc. ("Discount Tire"), a subsidiary of Defendant The Reinalt-Thomas Company ("RTC"). *Id.* at 5; (Doc. 4 at 1). Plaintiff, who is the personal representative of the estate of Daniel Trujillo, attributes the accident to the "oversized" nature of the tires "for the particular model size Jeep." (Doc. 4 at 1).

On June 7, 2021, approximately three years after the accident, Plaintiff filed his *Complaint for Personal Injury* (the "Complaint"), (Doc. 1-3), in the Fourth Judicial District Court in San Miguel County, New Mexico, raising claims of negligence against RTC, Discount Tire, and "Tommy Herberger." In particular, the Complaint alleges that Discount Tire, and RTC as agent for Discount Tire, were negligent in selling and installing the oversized tires that were on Daniel Trujillo's Jeep at the time of the accident. *Id.* at 5. The Complaint alleges Defendant Herberger was negligent in "allowing the vehicle to be driven with oversized tires." *Id.* at 6.

With regard to jurisdiction, the Complaint alleges Plaintiff resides in Pecos, New Mexico, that RTC has its "principal place of business" in "Scottsdale, Arizona," that Discount Tire is "domiciled in Arizona[,]" and that Defendant Herberger can be served with process at 409 Camino Don Miguel, Santa Fe, New Mexico 87505." *Id.* at 1-2, 4. The Complaint further alleges that RTC and Discount Tire "collectively operate

approximately 29 retail tire stores in New Mexico," that Discount Tire has a regional office in New Mexico, and that RTC "controls what each employee at the various Discount Tire stores does and how they do it." *Id.* at 3. The Complaint states that "there is no diversity of citizenship" because Daniel Trujillo, the decedent, and Defendant Herberger are both citizens of New Mexico. *Id.* at 4.

The same day Plaintiff filed his Complaint, summonses were issued to RTC and Discount Tire, (Doc. 1-5); (Doc. 1-6), and on June 17, 2021, both were returned as served, (Doc. 1-7); (Doc. 1-8). An amended summons was issued to Discount Tire on June 28, 2021, and it was returned as served on July 30, 2021. (Doc. 1-9). On July 19, 2021, RTC and Discount Tire filed their *Answer and Affirmative Defenses to Plaintiff's Complaint and Jury Demand* ("the Answer"), (Doc. 1-12).

On November 5, 2021, RTC and Discount Tire filed a *Notice of Removal to the United States District Court for the District of New Mexico* (the "Notice of Removal"), (Doc. 1), on the basis of diversity jurisdiction, removing this action from state court to federal court. (Doc. 4-1). Specifically, as the basis for diversity jurisdiction, the Notice alleges that the amount in controversy exceeds $75,000, and that Plaintiff is a citizen of New Mexico while RTC and Discount Tire are not. *Id.* at 3-4. The Notice further alleges that RTC and Discount Tire first learned of the existence of diversity jurisdiction after RTC and Discount Tire received Plaintiff's settlement demand, which "entirely omitted any discussion of [Defendant] Herberger's liability for the death of Plaintiff's decedent[.]" *Id.* at 4. The Notice alleges that that fact, coupled with Plaintiff's "lack of service" on Defendant Herberger, revealed that "Plaintiff named [Defendant] Herberger in the

3

Complaint in order to defeat diversity jurisdiction." *Id.* at 6. That same day, a summons was issued to Defendant Herberger.

On December 6, 2021, Plaintiff filed the instant Motion, seeking remand of this case back to state court. (Doc. 4). First, Plaintiff contends federal jurisdiction on the basis of diversity of citizenship is lacking because Defendant Herberger is a citizen of New Mexico, he "has not been dismissed from the case[,]" and Plaintiff "is actively working" on serving him with the summons. *Id.* at 3. Second, Plaintiff argues that RTC and Discount Tire failed to timely file their Notice of Removal. *Id.* at 4-6. Additionally, Plaintiff seeks attorney fees in connection with the removal of this action. (Doc. 10 at 7).

## II.   Legal Standard for Removal and Remand

An action initially filed in state court may be removed to federal district court if there exists either a federal question or diversity of citizenship among the parties. *See* 28 U.S.C. § 1441(a)-(b). However, "[t]here is a presumption against removal jurisdiction," *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and the party seeking removal bears the burden of establishing federal court jurisdiction "by a preponderance of the evidence." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). "All doubts are to be resolved against removal[.]" *Fajen v. Found. Reserve Ins.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

If a defendant has removed a matter to federal court, the plaintiff may object to the removal by filing a motion to remand the case back to state court. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996). A plaintiff's objection to removal may be based upon procedural or jurisdictional grounds. *See Huffman v. Saul Holdings LLC*, 194 F.3d 1072, 1076 (10th Cir. 1999) ("there are two types of improperly removed cases: those in

which the federal court has no subject matter jurisdiction and those with defects in the removal procedure itself") (citation omitted).

### III.     Remand Based on Untimely Notice of Removal

First, Plaintiff argues for remand of this matter back to state court on the grounds that RTC and Discount Tire (collectively "Discount Tire Defendants") failed to timely file the Notice of Removal. (Doc. 4 at 4). Plaintiff contends Discount Tire Defendants failed to file the Notice of Removal within 30 days of the date Plaintiff filed the Complaint, and instead filed it approximately 150 days after Plaintiff filed the Complaint. *Id.* at 5-6.

Discount Tire Defendants contend they did not learn the matter was removable to federal court—i.e., that Defendant Herberger was fraudulently joined in the case to defeat diversity jurisdiction—until they received Plaintiff's "October 7, 2021 settlement negotiation correspondence." (Doc. 7 at 4-5, 14). In particular, Discount Tire Defendants state the existence of fraudulent joinder became evident when, coupled with the service issues, Plaintiff's settlement letter "excluded [Defendant] Herberger as a liable party," but analyzed the liability of Discount Tire Defendants, of Daniel Trujillo, and of the person who supplied alcohol to Daniel Trujillo on the night of the accident. *Id.* at 14. Discount Tire Defendants contend they filed the Notice of Removal "within 30 days of receipt of Plaintiff's settlement letter, making it timely." *Id.* at 14.

Under 28 U.S.C. § 1446(a), a party seeking removal of a matter to federal court must file a notice of removal in the district and division where the state action is pending, "containing a short and plain statement of the grounds for removal, together with all process, pleadings, and orders served upon such defendant or defendants in such action." The notice of removal must be filed "within 30 days after the receipt by the

5

defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). But "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). A defendant's "failure to comply with these express statutory requirements for removal can fairly be said to render the removal defective' and justify a remand." *Huffman*, 194 F.3d at 1077 (internal quotation marks and citation omitted).

Here, Plaintiff filed his Complaint on June 6, 2021, in which he alleged "there is no diversity of citizenship" because Daniel Trujillo, the decedent, and Defendant Herberger are both citizens of New Mexico. (Doc. 1-3 at 4). At that point, as far as the Court can discern, it was not apparent to Discount Tire Defendants that the matter may be removable to federal court, and the parties do not affirmatively dispute this. As such, the thirty-day deadline for Discount Tire Defendants to remove the matter had not begun to run.

Rather, Discount Tire Defendants contend it became evident for the first time approximately four months later, when they received Plaintiff's settlement letter, that the case was removable to federal court. (Doc. 7 at 4-5). The Court can find no case where the Tenth Circuit has opined on whether settlement correspondence constitutes "other paper" under 28 U.S.C. § 1446, but other courts have and have held that settlement correspondence does constitute "other paper." *See, e.g., S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir. 1996) (settlement offers); *Polk v. Sentry Ins.*, 129 F.

defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). But "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). A defendant's "failure to comply with these express statutory requirements for removal can fairly be said to render the removal defective' and justify a remand." *Huffman*, 194 F.3d at 1077 (internal quotation marks and citation omitted).

Here, Plaintiff filed his Complaint on June 6, 2021, in which he alleged "there is no diversity of citizenship" because Daniel Trujillo, the decedent, and Defendant Herberger are both citizens of New Mexico. (Doc. 1-3 at 4). At that point, as far as the Court can discern, it was not apparent to Discount Tire Defendants that the matter may be removable to federal court, and the parties do not affirmatively dispute this. As such, the thirty-day deadline for Discount Tire Defendants to remove the matter had not begun to run.

Rather, Discount Tire Defendants contend it became evident for the first time approximately four months later, when they received Plaintiff's settlement letter, that the case was removable to federal court. (Doc. 7 at 4-5). The Court can find no case where the Tenth Circuit has opined on whether settlement correspondence constitutes "other paper" under 28 U.S.C. § 1446, but other courts have and have held that settlement correspondence does constitute "other paper." *See, e.g., S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir. 1996) (settlement offers); *Polk v. Sentry Ins.*, 129 F.

Supp. 2d 975 (S.D. Miss. 2000) (demand letters); *Williams v. Safeco Ins. Co.,* 74 F.Supp.2d 925, 929 (W.D. Mo. 1999) (demand letters); *Rodgers v. Northwestern Mut. Life Ins. Co.*, 952 F. Supp. 325 (W.D. Va. 1997) (settlement offers); *Marler v. Amoco Oil Co.*, 793 F. Supp. 656 (E.D. N.C. 1992) (demand letters).

The Court has no reason, at this stage of the proceedings, to doubt that Discount Tire Defendants first believed Defendant Herberger had been joined in the case to defeat federal jurisdiction, and thus that the case was removable to federal court, when they received Plaintiff's October 7, 2021 settlement letter. Whether they were correct in that belief, which the Court addresses below, does not change the analysis. Plaintiff omitted from his settlement letter any discussion of Defendant Herberger's liability while discussing the liability of the other parties involved in the rollover accident. This, coupled with Plaintiff's failure to serve Defendant Herberger with the summons and complaint or even, at that time, to obtain a summons as to Defendant Herberger, reasonably led Discount Tire Defendants to believe for the first time that the case was removable to federal court.

The Court therefore finds that Discount Tire Defendants timely filed their Notice of Removal.

## IV.     Remand Based on Lack of Subject Matter Jurisdiction

Next, Plaintiff asks the Court to remand this matter back to state court on the ground that this Court lacks subject matter jurisdiction over the action. (Doc. 4 at 3). Plaintiff asserts that diversity of citizenship does not exist in this case, because Defendant Herberger is a citizen of New Mexico. *Id.* Plaintiff explains that, although Defendant Herberger has not yet been served with the summons, Plaintiff "is actively

working on finding alternative service." *Id.* Plaintiff contends that a plaintiff's failure to serve a non-diverse defendant, even where all other defendants are diverse from the plaintiff, does not justify a defendant in removing the action to federal court on the basis of diversity.

Discount Tire Defendants argue that removal of this matter on the basis of diversity jurisdiction was proper because "[Defendant] Herberger was joined in this action for the improper purpose of defeating federal jurisdiction[.]" (Doc. 7 at 2). As evidence, Discount Tire Defendants assert, first, that Plaintiff had no summons issued for Defendant Herberger at or around the time summonses were issued for Discount Tire Defendants, but instead had the state court issue such a summons less than an hour after learning Discount Tire Defendants intended to file a notice of removal in federal court. *Id.* at 3-4. Discount Tire Defendants assert, second, that Plaintiff has provided no evidence of his attempts to serve Defendant Herberger between November 5, 2021, the date the summons was issued, and December 6, 2021, the date the instant Motion was filed. *Id.* at 4. Third, Discount Tire Defendants contend Plaintiff failed to mention Defendant Herberger's negligence in the rollover accident anywhere in the parties' settlement correspondence. *Id.* Finally, Discount Tire Defendants argue that the Complaint fails to adequately state a claim of negligence against Defendant Herberger. *Id.* at 3.

In reply, Plaintiff addresses only the third point raised in Discount Tire Defendants' Response. *See generally* (Doc. 10). Plaintiff argues that under *Martinez v. Segovia*, 2003-NMCA-023, ¶ 29, 133 N.M. 240, a case which Discount Tire Defendants cite, Plaintiff "has exerted due diligence" in attempting to serve the summons on

8

Defendant Herbeger. *Id.* at 3-4. That is, Plaintiff has not taken nearly the amount of time as the plaintiff in *Martinez* in his attempts to serve Defendant Herberger. *Id.* at 4. Plaintiff reiterates he "is actively pursuing service on Defendant Herberger and, as such, this case simply does not meet the diversity requirements as required by 28 U.S.C. § 1332 and should be remanded to state court." *Id.*

### A. Fraudulent Joinder

Generally, a defendant may remove a case to federal court based on diversity jurisdiction only if the amount in controversy exceeds $75,000 and no defendant is a citizen of the state in which any plaintiff is a citizen. *Ravenswood Inv. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (requiring that "each plaintiff . . . be diverse from each defendant"); *see also* 28 U.S.C. § 1332(a). A defendant may remove a case based on diversity jurisdiction if the plaintiff has fraudulently joined a nondiverse party in the state action in order to defeat federal jurisdiction. *See Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) (stating that if plaintiffs joined non-diverse defendants "without good faith, defendant may remove on the grounds of fraudulent joinder").

"To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Cuevas v. BAC Home Loan Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138

9

F.3d 459, 461 (2d Cir. 1998)). That burden of proof requires "clear and convincing evidence." *Lemasany v. General Motors LLC*, 19-cv-658 KG/SCY, 2020 WL 60173, at *3 (D.N.M. Jan. 6, 2020) (quoting *Pampillonia*, 138 F.3d at 461).

In determining whether a defendant has met that burden of proof, the Court is not "compelled to believe whatever the plaintiff says in his complaint." *Brazell v. Waite*, 525 F. Appx. 878, 881 (10th Cir. 2013). Instead, "federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal." *Smoot v. Chicago, Rock Island and Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967). "This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; this issue must be capable of summary determination and be proven with complete certainty." *Id.* at 882. "Remand is required if any of the claims against the non-diverse defendant . . . is possibly viable." *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)).

    **B.**   **<u>Analysis</u>**

        ***i.***   ***Whether Plaintiff Can Possibly State a Viable Claim of Negligence Against Defendant Herberger***

Discount Tire Defendants contend the Complaint fails to state a cause of action for negligence against Defendant Herberger, because it "fails to allege a duty" owed by Defendant Herberger, it fails to "allege facts showing where any such duty may have arisen from[,]" and it "fails to specifically allege that [Defendant] Herberger's negligence was a cause of Plaintiff's damages[.]" (Doc. 7 at 3). According to Plaintiff, the Complaint does state a viable negligence claim against Defendant Herbeger, which "[Discount

Tire] Defendant[s] admitted . . . [is] 'legitimate on the face of Plaintiff's Complaint.'" (Doc. 10 at 6) (quoting Doc. 1 at 4).

Generally, under New Mexico law, "a negligence claim requires the existence of a duty that a defendant owes to a plaintiff, breach of that duty, which typically is based on a standard of reasonable care, and the breach being a cause-in-fact and proximate cause of the plaintiff's damages." *Archuleta v. Taos Living Center, LLC*, 791 F.Supp.2d 1066, 1077 (D.N.M. 2011) (citing *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 6, 134 N.M. 43, 47-48). "Whether a duty exists is a question of law for the courts to decide. *Herrera*, 2003-NMSC-018, ¶ 6, 134 N.M. 43 (internal quotation marks and citations omitted). It is a general principle of New Mexico law that "every person has a duty to exercise ordinary care for the safety of the person and property of others." NMRA, Civ. UJI 13-1604 (2011). An individual's duty to exercise ordinary care exists "under the circumstances according to the standard of conduct imposed upon [them] by the circumstances." *Calkins* v. Cox Estates, 1990-NMSC-044, 110 N.M. 59. Accordingly, "[i]n deciding whether ordinary care has been used, the conduct in question must be considered in light of all surrounding circumstances." NMRA, Civ. UJI 13-1603.

Here, Plaintiff's Complaint alleges, in relevant part, the following: (1) "Tommy Herberger was negligent in allowing the vehicle to be driven with oversized tires[;] (2) "Defendant Herberger knew or should have known that the oversized tires made the vehicle dangerous to drive and more prone to rollover[;]" and (3) "Tommy Herberger's negligence was a proximate cause of the accident." (Doc. 1-3 at 6). While these allegations are certainly lacking in detail, the Court cannot say, upon a fair reading of

the Complaint that resolves the legal and factual disputes in Plaintiff's favor, that Plaintiff does not *possibly* have a negligence claim against Defendant Herberger.

The Complaint states Defendant Herberger owed Daniel Trujillo a duty of care to not "allow" Mr. Trujillo to drive the subject Jeep with oversized tires. (Doc. 1-3 at 6). The fact that the Complaint does not explicitly state the nature of Defendant Herberger's relationship to Daniel Trujillo and Discount Tire Defendants (such as an employee of the store where Daniel Trujillo purchased the tires), and thus does not explicitly state from where such a duty arises, does not doom Plaintiff's claim against Defendant Herberger, particularly since the issue here is fraudulent joinder. This is because "[c]ourts are in agreement that all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction." *Sanders v. DJO, LLC*, 728 F.Supp.2d 1200, 1204 (D.N.M. 2010) (internal quotation marks and citations omitted). "This is true even if amendment of the complaint might be necessary to ensure it clearly states a claim against the non-diverse defendant." *Id.* (citations omitted). "[I]f the Tenth Circuit's language is taken literally, then the test is not whether . . . Plaintiff[] actually alleged a negligence claim, but whether 'there is no possibility that [Plaintiff] would be able to establish a cause of action against [Defendant Herberger] in state court.'" *Provencio v. Ford Motor Co.*, 1:5-cv-623 JB/ACT, 2005 WL 3662957, at *5 (D.N.M. Sept. 29, 2005) (quoting *Montano v. Allstate Indem.*, No. 99-2225, 200 WL 525592, at *2, 211 F.3d 1278 (10th Cir. Apr. 14, 2000) (unpublished)).

It is enough for the Court, given the procedural posture and the heavy burden placed on Discount Tire Defendants, that the Complaint suggests the subject tires were under the control of Defendant Herberger prior to Daniel Trujillo's purchase of them.

*See* (Doc. 1-3 at 6) ("Tommy Herberger . . . allow[ed] the vehicle to be driven with oversized tires"). Whether this means Defendant Herberger was an employee of the tire store from which Daniel Trujillo purchased the tires, or was otherwise involved in the stream of commerce, it is likely that New Mexico negligence law would provide for a duty owed by Defendant Herberger to tire customers. *See*, *e.g.*, *Byers v. Central Transport*, LLC, 2:19-cv-107 JAP/GBW, 2019 WL 2191790, at *5 (May 21, 2019) (finding "that New Mexico would recognize that a mechanic owes a duty of reasonable care to the vehicle owner to properly perform a repair when a vehicle is brought in for repairs"); *Heath v. Foxworth-Galbraith Lumber Co.*, 1:5-cv-1061 MCA/RHS, 2006 WL 8444462, at *5 (D.N.M. Feb. 24, 2006) (stating that, under New Mexico negligence law, "both manufacturers and distributors of products have a duty to use ordinary care in producing products so as to avoid a foreseeable risk of injury caused by a condition of the product or manner in which it is used") (citation omitted).

    Moreover, with regard to the other elements the negligence claim against Defendant Herberger, the Complaint alleges Defendant Herberger breached his duty because he "knew or should have known that the oversized tires made the vehicle dangerous to drive and more prone to rollover[,]" yet he "allow[ed] the vehicle to be driven with oversized tires." (Doc. 1-3 at 6). The Complaint also alleges Defendant Herberger was a cause-in-fact and "a proximate cause of the [rollover] accident." *Id.* Taking all of these allegations together, the Court cannot say Plaintiff could not possibly state a viable claim of negligence against Defendant Herberger, especially if Defendant Herberger were in fact an employee of the store where Daniel Trujillo purchased the subject tires.

In addition to the foregoing argument regarding the Complaint itself, Discount Tire Defendants have also offered evidence of Plaintiff's delays in obtaining a summons for Defendant Herberger, Plaintiff's failure to serve the summons and Complaint on Defendant Herberger to date, and Plaintiff's failure to mention Defendant Herberger's liability in the parties' settlement discussions, in order to support their claim of fraudulent joinder. (Doc. 7 at 3-4). While the Court may "pierce the pleadings," and consider other evidence to determine whether a plaintiff can possibly state a viable claim against a non-diverse defendant, the Court does not find Discount Tire Defendants' evidence probative of whether Plaintiff can state a viable claim of negligence against Defendant Herberger. *See McDaniel v. Loya*, 304 F.R.D. 617, 637 (D.N.M. 2015) ("The relevant standard applicable . . . is essentially equivalent to that government a rule 12(b)(1) motion: the Court must look beyond the pleadings and find, by a preponderance of the evidence, the facts that go to establishing or destroying its jurisdiction); *cf.*, *e.g.*, *Bodenner v. Martin*, 1:12-601 MV/WDS, 2012 WL 12845649, at *10-11 (D.N.M. Nov. 30, 2012) (considering evidence, including affidavits, that non-diverse defendant was uninvolved in plaintiff's insurance claims in determining whether plaintiff asserted a claim of liability against non-diverse defendant). Discount Tire Defendants have offered no evidence otherwise that may be probative of whether Plaintiff can possibly state a claim of negligence against Defendant Herberger.

Therefore, with regard to Plaintiff's ability to state a viable cause of action against Defendant Herberger, the Court finds that Plaintiff may be able to establish a claim of negligence against Defendant Herberger. The Court thus finds that Discount Tire Defendants failed to present clear and convincing evidence on this point that Plaintiff

fraudulently joined Defendant Herberger in order to defeat diversity jurisdiction. *See Lemasany*, 2020 WL 60173, at *3.

### ii. Whether Plaintiff's Failure to Serve the Summons on Defendant Herberger Warranted Removal

Discount Tire Defendants contend the Court "may properly determine that [Defendant] Herberger was joined in order to destroy federal jurisdiction" based on Plaintiff's lack of diligence in serving the summons on Defendant Herberger and, as a result, his inability to now serve Defendant Herberger under New Mexico's service rules. (Doc. 7 at 10-11). In particular, Discount Tire Defendants contend Plaintiff did not have the state court summons issued for Defendant Herberger at or around the time he filed the Complaint, but instead had it issued less than an hour after learning Discount Tire Defendants intended to remove the action to federal court. *Id.* at 3-4. Discount Tire Defendants contend further that Plaintiff has provided no evidence of his attempts to serve Defendant Herberger to date. *Id.* at 4.

Plaintiff argues that he is still permitted to serve Defendant Herberger under the rules because he has exercised due diligence in his service efforts. (Doc. 10 at 3). Plaintiff compares his service efforts to those reviewed in a similar case, *Martinez v. Segovia*, 2003-NMCA-023, 133 N.M. 240, in arguing that the plaintiff in *Martinez* took longer to serve the defendant than Plaintiff here, yet the state court found the plaintiff in *Martinez* had exercised due diligence in attempting to serve the summons and complaint. *Id.* Plaintiff contends that he continues to "actively pursu[e] service on Defendant Herberger[.]" *Id.* at 4.

While "the Court must generally look to the circumstances at the time of removal to determine the propriety of jurisdiction[,]" the federal courts have determined that "a

15

failure to serve a non-diverse defendant" is "an irrelevant consideration." *Serna v. Family Dollar Stores of New Mexico, Inc.*, 2:20-cv-90 KRS/GBW, 2020 WL 2840320, at *3 (D.N.M. June 1, 2020) (citing *Aydell v. Sterns*, 677 F. Supp. 877, 879 (M.D. La. 1988); *Thigpen v. Cheminova, Inc.*, 992 F. Supp. 864, 871 (S.D. Miss. 1997)).

Indeed, Plaintiff has failed to serve the summons and Complaint on Defendant Herberger to date. However, Discount Tire Defendants cite no Tenth Circuit law making service of process a dispositive factor in determining fraudulent joinder or even the propriety of removal, and the Court could find none.[2] Rather, "the Court must look to the face of a complaint to determine diversity jurisdiction." *Serna*, 2020 WL 2840320, at *3. "[T]he prevailing view is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal." *Id.* (quoting *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981)).

As discussed above, Discount Tire Defendants failed to show that there is no possibility Plaintiff could state a viable claim of negligence against Defendant Herberger, and thus they failed to show that Plaintiff's joinder of Defendant Herberger was fraudulent. Given that, there is an absence of diversity in this case, which destroys this Court's jurisdiction regardless of any service of process issues.

**V.     Attorney Fees**

Finally, Plaintiff asks the Court to award attorney fees in connection with this litigation, because Discount Tire Defendant's "change in position from acknowledging

---

[2] The Court has addressed this evidence within the context the parties' service arguments as opposed to addressing it under the second branch of the fraudulent joinder analysis—whether there was fraud in the pleading of jurisdictional facts. Discount Tire Defendants do not address fraud in the pleading of jurisdictional facts and thus the Court does not either.

16

no fraudulent joinder in the Notice of Removal to alleging fraudulent joinder in its Response to [the] Motion to Remand has been made in bad faith[.]" (Doc. 10 at 8). Discount Tire Defendants ask the Court to disregard the request for attorney fees since Plaintiff raised it for the first time in its Reply and does not comply with Local Rules 7.1. and 54.5. (Doc. 15 at 2-3). Discount Tire Defendants argue, alternatively, that Plaintiff is not entitled to attorney fees because removal of this action was objectively reasonable. *Id.* at 3-9.

The Court may award attorney fees, pursuant to 28 U.S.C. § 1447(c), "incurred as a result of the removal" of a case from state to federal court. A district court has "wide discretion" to award fees, but that discretion "turn[s] on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 135 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 136. "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* "This reasonableness standard, therefore, reflects [a] balancing [of] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Trujillo v. Valero Energy Corp.*, 2:5-cv-1334 RB/LAM, 2006 WL 8444089, at *3 (D.N.M. July 27, 2006).

Here, as stated above, the Court has determined that this matter should be remanded back to state court because Discount Tire Defendants have failed to show that Plaintiff cannot possibly state a viable claim of negligence against Defendant

Herberger. That said, Plaintiff's Complaint is no model of clarity and detail. It was not objectively unreasonable for Discount Tire Defendants to hold the position, given the threadbare Complaint, that Plaintiff had not stated a viable cause of action against Defendant Herberger, and that, considering the other evidence, Plaintiff had merely joined Defendant Herberger in the case to defeat diversity jurisdiction.

Therefore, the Court does not agree with Plaintiff that Discount Tire Defendants lacked an objectively reasonable basis for removing the case. Accordingly, the Court will recommend denial of Plaintiff's request for attorney fees.

## VI.   Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's *Motion to Remand* (the "Motion"), (Doc. 4), be **GRANTED**; that Plaintiff's request for attorney fees raised in the *Reply in Support of Motion for Remand*, (Doc. 10), be **DENIED**; and that this matter be **REMANDED** to the Fourth Judicial District Court in San Miguel County, State of New Mexico.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE